**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 07-3655

---

GREGG C. REVELL;
ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.

v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY;
SCOTT ERICKSON

v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
         Third Party Plaintiff

v.

CONTINENTAL AIRLINES; COUNTY OF ESSEX;
ESSEX COUNTY JAIL; ESSEX COUNTY PROSECUTOR;
JOHN DOES 1-10,
         Third Party Defendants

Association of New Jersey Rifle & Pistol Clubs, Inc.,
         Appellant

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 06-cv-00402)
District Judge: The Honorable Katharine S. Hayden

---

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2008

---

Before:  BARRY, CHAGARES, Circuit Judges, and COHILL, Jr.,[*] District Judge

(Opinion Filed: April 1, 2009)

---

OPINION

---

COHILL, Senior District Judge

The Association of New Jersey Rifle & Pistol Clubs, Inc. ("the Association") has filed an interlocutory appeal from an order of the United States District Court for the District of New Jersey dismissing the complaint of the Association for lack of Article III standing and denying the Association's motion for leave to amend the complaint to correct the defect.  We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and will reverse.

**I.**

"When reviewing an order of dismissal for lack of standing, we accept as true all material allegations of the complaint and construe them in favor of the plaintiff." Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 224 (3d Cir.1998). We therefore relate the facts as alleged in the Plaintiffs' complaint, although we will assume

---

[*] Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

the parties' familiarity with the underlying allegations and procedural history, and so will not recount them in full detail.

This case arose from the arrest of Gregg Revell, an out-of-state traveler, by an officer of the Port Authority of New York and New Jersey ("Port Authority").  Mr. Revell was carrying a firearm and hollow-point bullets in luggage that was detected as the bag passed through an X-ray machine at Newark Liberty International Airport.  New Jersey law prohibits unlicensed possession of handguns and hollow-point bullets.  N.J. Stat. Ann. §§ 2C:39-5(b) (possession of a handgun without a permit) and 2C:39-3(f) (possession of hollow point ammunition).  In contrast, the federal law, 18 U.S.C. § 926A, permits the transportation of firearms and ammunition through a state, even if possession of the firearms in that state would otherwise be illegal, so long as: 1) the firearms and ammunition are lawful in both the states of embarkation and destination; and 2) neither the firearms nor ammunition are readily accessible during transportation.   All charges against Revell were ultimately dismissed.

Revell sued the Port Authority and arresting officer in federal court to recover damages for the alleged wrongful arrest pursuant to 42 U.S.C. § 1983.  The Association, a non-profit membership corporation, also filed a complaint seeking an injunction enjoining the Port Authority from enforcing the New Jersey statutes against the Association's non-resident members who desire to travel through New Jersey with their firearms and

ammunition in compliance with the provisions of §926A.[1]  The Association alleged that it "represents its members" and that there "exists a credible threat of prosecution for violation . . . [of these laws] for non-resident members of the Association who intend to transport firearms and hollow point ammunition through New Jersey." Complaint ¶ 52. The complaint alleges that the Port Authority should be enjoined from enforcing §§ 2C:39-5(b) and 2C:39-3(f) against its nonresident members because it claims that the Port Authority has a policy of ignoring a federal law that protects these members from prosecution.

The complaint of the Association was dismissed *sua sponte* for failure to establish a case or controversy between the parties as required by Article III of the Constitution. The District Court later denied a motion to amend the complaint. The Association sought to amend by adding an allegation that non-resident members of the Association who are entitled to transport firearms and ammunition through New Jersey pursuant to 18 U.S.C. § 926(A), and "intend to do so," are "refraining" from doing so because they are subject to arrest by the Port Authority pursuant to New Jersey law, and that it is Port Authority "policy to arrest" such persons. The District Court found that even with the proposed amendments, the Association lacked standing.

## II.

---

[1] The Association does not argue that the Port Authority must be enjoined from enforcing the New Jersey statutes because the statutes are unconstitutional.

We exercise plenary review over the District Court's dismissal of the complaint for lack of standing. See Goode v. City of Phila., 539 F.3d 311, 316 (3d Cir. 2008); ACLU-NJ v. Twp. of Wall, 246 F.3d 258, 261 (3d Cir. 2001). We review the District Court's denial of the Association's request for leave to file an amended complaint for abuse of discretion. Winer Family Trust v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).

### III.

Article III of the Constitution limits federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2. Standing is one of several doctrines which "cluster about Article III." Allen v. Wright, 468 U.S. 737, 750 (1984) (citation omitted).

We start our inquiry by quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), in which the Supreme Court described the elements necessary for establishing "the irreducible constitutional minimum of standing" under Article III of the Constitution as follows:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical.... Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-61 (internal quotation marks and citations omitted). The latter two elements are not in dispute here; rather, we focus on whether the Association pled a valid injury in fact. Moreover, in determining whether the Association has standing, we must consider

its specific allegations and the relief which it seeks. See City of Los Angeles v. Lyons, 461 U.S. 95, 105-06 (1983). The Association bears the burden of proving standing. Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003).

The doctrine of standing requires "that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 735 (1972). This rule applies with special force to organizations, which are unable to establish standing solely on the basis of institutional interest in a legal issue. Id. at 739 ("[A] mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself."). An organization or association may have standing to bring suit under two circumstances. First, an organization may be granted "standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the [organization or] association itself may enjoy." Warth v. Seldin, 422 U.S. 490, 511 (1975). This is not the argument relied upon herein. Alternatively, an association may assert claims on behalf of its members, but only where the record shows that the organization's individual members themselves have standing to bring those claims. See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977); NAACP v. Button, 371 U.S. 415, 428 (1963); Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 70 (3d Cir. 1990).

The Association alleges injury in the form of its non-resident members currently refraining from transporting a firearm and ammunition through New Jersey pursuant to 18

U.S.C. § 926A due to a fear of arrest and prosecution by the Port Authority pursuant to Port Authority policy. The relevant precedent, relied upon by the District Court in dismissing the complaint, is the seminal Supreme Court case City of Los Angeles v. Lyons, 461 U.S. 95 (1983), which involved a suit to enjoin as unconstitutional a policy of the Los Angeles Police Department permitting the use of choke holds in instances where the police were not threatened with death or serious bodily injury. Though Lyons could seek damages for his injuries as a result of the alleged policy, the Court held that he had no standing to seek injunctive relief because he could not demonstrate a sufficient likelihood that he, personally, would be choked again in the future: "Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers." Id. at 105. The Court elaborated:

> Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.

Id. at 111; see also Defenders of Wildlife, 504 U.S. at 564 (expressly applying Lyons to uphold dismissal of a complaint on the basis of "plaintiff's failure to show that he will soon expose himself to the injury").

In contrast, the Association sought leave to plead an immediate injury insofar as its non-resident members are currently refraining from engaging in legal conduct due to fear of prosecution. Because this action involves threatened action by the government, the law

does not "require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat . . . ." MedImmune, Inc. v. Genentech, Inc., 549 U.S.118, 128-29 (2007). The actual or threatened injury necessary to establish standing is that the Association's non-resident members suffered as a result of the alleged violation of a legal right created by a statute. See Warth, 422 U.S. at 500. If it is Port Authority policy to arrest persons who are entitled to transport a firearm and ammunition through New Jersey pursuant to 18 U.S.C. § 926A, and the Association's members are currently refraining from so transporting due to that policy, standing under Lyons exists. As explained in MedImmune, Inc., "[t]he plaintiff's own action (or inaction) in failing to violate the law eliminates the *imminent threat of prosecution*, but nonetheless *does not* eliminate Article III jurisdiction." 549 U.S. at 129 (emphasis added). The Court then reviewed its prior cases involving Article III jurisdiction, stating:

> In each of these cases, the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do (enter into a lease, or distribute handbills at the shopping center). That did not preclude subject matter jurisdiction because the threat-eliminating behavior was effectively coerced.

Id. (citations omitted).

We find that at this stage of the litigation, in which the allegations of the complaint are assumed to be true, the Association's allegations are sufficiently specific to support the notion that its members have suffered injury. So pled, there is a sufficient likelihood that its members will be wronged as the threat of arrest meets the requirement that the

injury be actual or imminent.[2]

Federal Rule of Civil Procedure 15(a) states that the court "should freely give leave when justice so requires." The Association requested that the District Court permit it to amend its complaint to comply with Lyons. We find that the District Court's failure to grant the Association a reasonable opportunity to amend was an abuse of discretion. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

### IV.

We will reverse the District Court's dismissal of the Association's claim without leave to amend and direct the District Court to grant the Association leave to amend the complaint to allege facts sufficient to demonstrate standing.

---

[2] We think it is worth noting that plaintiffs continue to carry their burden to show standing; they cannot rest on their pleadings. The Association claims that it has non-resident members who are currently refraining from traveling through New Jersey with firearms and ammunition due to the alleged Port Authority policy. It may turn out, through the course of discovery, that the Association cannot identify actual members who are so refraining. If this is the case, the Association's standing will evaporate quickly.